UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD D. BEURY,<br><br>                Plaintiff,<br>v.<br>HERTZ CORPORATION et al.,<br>                Defendants. | Case No.: 23-CV-1886-CAB-BGS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 13] |

This matter is before the Court on a motion to dismiss the first amended complaint ("FAC") filed by Defendants Hertz Corporation, Hertz Global Holdings, and Thrifty Rent A Car (collectively, the "Hertz Defendants"). The motion has been fully briefed, and the Court finds it suitable for determination on the papers and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, the motion is granted, and Plaintiff's claims against the Hertz Defendants are dismissed with prejudice.

**I.  Background[1]**

On February 10, 2023, Plaintiff Donald Beury filed the complaint in this lawsuit against Hertz Corporation and Shaun Stone in San Diego County Superior Court. The

---

[1] Most of this background was previously set forth in the Court's order denying Plaintiff's motion to remand [Doc. No. 12] and is repeated here for ease of reference.

complaint asserted state law claims arising out of two instances where Beury rented, or attempt to rent, a car from Hertz or its affiliate, Thrifty Rent a Car ("Thrifty").

The first of these instances allegedly occurred in 2016. The FAC alleges that Beury rented a car from a Hertz location in the Mission Valley neighborhood of San Diego in October 2016, and then returned the car to an auto repair shop in Santee, California, that he claims also served as a Hertz location. Beury allegedly returned the vehicle by leaving it in the auto repair shop's parking lot with the keys under a floor mat.

According to the FAC, several weeks after Beury left the car at the auto repair shop, an associate of Beury's informed him that Shaun Stone, whom the FAC alleges was a Hertz employee, had accused Beury of stealing the rental car. Beury then returned to the repair shop, found the car where he had left it, and drove it back to Mission Valley location from which he had originally rented the car. The FAC alleges that Hertz then withdrew $1,000 from Beury's bank account using the debit card information he had provided to secure the rental. Hertz and Beury allegedly reached an agreement in July 2017 pursuant to which Hertz would return the $1,000 and remove Beury from its "do not rent" list. Beury claims that Hertz breached this agreement and did not return the $1,000 on the grounds that the rental car was too dusty when Beury returned it.

The second instance occurred in 2019. The FAC alleges that Beury used rentalcars.com to reserve a rental car from Thrifty Car Rental at the Miami, Florida, airport for pickup in November 2019. When Beury arrived at the airport, however, Thrifty allegedly refused to rent him the car because he was on the "do not rent" list.

Based on these allegations, the original complaint asserted claims for: (1) breach of the alleged July 2017 settlement related to the first Hertz rental; (2) defamation arising out Stone's alleged accusation that Beury stole the rental car; (3) breach of the alleged agreement Beury made in 2019 to rent a car at the Miami airport; (4) elder abuse arising out of the denied rental in Miami; and (5) conversion relating to the $1,000 Hertz debited from Beury's bank account in 2017.

On October 16, 2023, Hertz removed the case to this Court based on diversity jurisdiction. On October 31, 2023, Beury filed the operative FAC that added a few new allegations, eliminated the conversion cause of action, and added Hertz Global Holdings, Thrifty, and Rentalcars.com as defendants along with Hertz Corporation and Stone. Beury filed a motion to remand along with his FAC. On December 27, 2023, the Court denied the motion to remand on the grounds that Stone was a fraudulently joined defendant for the purpose of defeating diversity jurisdiction. The Court ordered Hertz to respond to the amended complaint by January 12, 2024. The instant motion followed.

## II.     Legal Standard

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Plaintiff is appearing pro se. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

## III. Discussion

Defendants argue that (1) all of Plaintiffs claims were discharged in connection with their bankruptcy decree, (2) the claims arising out of the 2016 car rental are barred by the statute of limitations, and (3) the claims arising out of the attempted 2019 car rental fail to state a claim.  In his opposition, Plaintiff concedes that his claims arising out of the Hertz Defendants' actions in 2016 and 2017 are barred by the statute of limitations. [Doc. No. 14 at 8.]  Claims one and two are therefore dismissed on that ground, leaving only the two claims arising out of the attempted 2019 car rental.

### A. The Hertz Defendants' Bankruptcy

The FAC acknowledges that the Hertz Defendants filed for bankruptcy in 2020. [Doc. No. 6 at 7 ¶¶ 60-61.]  Moreover, in a declaration accompanying his opposition to the instant motion, Plaintiff concedes that he was contemporaneously aware of the bankruptcy proceeding and that he abandoned a civil suit he had pending against the Hertz Defendants as a result of the bankruptcy filing. [Doc. No. 15 at 5-6.]  "Under § 1111 of the Bankruptcy Code, 11 U.S.C. § 1111(a), and Bankruptcy Rule 3003(c)(2), [] creditors are required to file a proof of claim with the bankruptcy court before the deadline, or 'bar date,' established by the court." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 383 (1993).  The Hertz Defendants contend, and Plaintiff does not dispute, that Plaintiff did not make a claim in the bankruptcy proceeding. [Doc. No. 13 at 11.]  The final decree in the Hertz Defendants' bankruptcy proceeding was entered on September 28, 2021. [Doc. No. 13-3.][2]

---

[2] With their motion, the Hertz Defendants attached the final decree along with the notice of deadlines for filings proofs of claim in the Hertz Defendants' bankruptcy proceeding.  Because (1) the FAC specifically

"A claim is discharged in the bankruptcy proceeding if the events giving rise to the claim occurred before the confirmation of the plan." *Lesane v. Aloha Airlines, Inc.*, No. CV 06-00155 HG-LEK, 2007 WL 9711167, at *5 (D. Haw. Jan. 23, 2007) (citing 11 U.S.C. § 1141(d)(1)(A)). Bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).

Here, Plaintiff does not dispute that he could have asserted his claims against the Hertz Defendants in the bankruptcy proceeding. Rather, he argues that *his* claims against the Hertz Defendants here were not discharged because the final decree excepted from discharge *other individuals'* claims that, according to Plaintiff, are similar to his claims of alleged intentional wrongdoing by the Hertz Defendants. Plaintiff asserts no authority for the proposition that his unasserted claim should survive discharge because other claims made in litigation that was pending at the time of the bankruptcy were excepted from discharge. Because Plaintiff did not file a proof of his claim, it was not and could not have been excepted from discharge by the final decree.

Plaintiff also argues that the "willful and malicious injury" exception to the discharge rule precludes dismissal. 11 U.S.C. § 523(a)(6). By its terms, however, this exception applies to "individual debtor[s]." *Id*. The Hertz Defendants are corporate debtors, so section 523(a)(6) does not apply. *See In re Pac.-Atl. Trading Co.,* 64 F.3d 1292, 1302 (9th Cir. 1995) ("§ 523 only applies to individual and not corporate debtors."); *Yamaha Motor Corp. U.S.A. v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir. 1985) ("[W]e hold that the exemptions embodied in 11 U.S.C. § 523(a) do not apply to corporate

---

references the bankruptcy proceeding, (2) Plaintiff does not object to the Court's consideration of these documents outside of the body of the complaint in connection with the instant motion, and (3) the documents are public records whose authenticity is not contested, the Court takes judicial notice of them without converting the instant motion into a motion for summary judgment. *See generally Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment.").

debtors."). Accordingly, Plaintiffs' claims against the Hertz Defendants were discharged in the Hertz Defendants' bankruptcy proceedings.

### B. The FAC Fails to State a Claim Against the Hertz Defendants

In addition, the FAC fails to state a claim against the Hertz Defendants arising out of Plaintiff's 2019 attempt to rent a car from Thrifty in Miami. As for the breach of contract claim purportedly arising out of the 2019 rental attempt, the FAC does not attach a copy of the contract or allege the terms and parties to the agreement. Moreover, the FAC alleges that Plaintiff received a refund of his deposit from "Rental Cars.com," [FAC ¶ 44] indicating that to the extent Plaintiff had a contract, it was with "Rental Cars.com" and not the Hertz Defendants, and that Plaintiff did not suffer any damages as a result of any breach of the purported contract. The FAC therefore does not state a claim for breach of a contract by the Hertz Defendants.

The FAC also does not state a claim for financial elder abuse. "[F]inancial abuse of an elder occurs when any person or entity takes, secretes, appropriates, or retains real or personal property of an elder adult to a wrongful use or with an intent to defraud, or both." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 174 (2009) (citing Cal. Welf. & Inst. Code § 15610.30). Here, the FAC does not allege that any defendant "took, secreted, appropriated, or retained" any of Plaintiff's property. Moreover, Plaintiff ignores this claim in his opposition to the motion to dismiss, thereby waiving any arguments against dismissal. Accordingly, Plaintiff's elder abuse claim is also dismissed for failure to state a claim.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that the Hertz Defendants' motion to dismiss is **GRANTED**. Because Plaintiff's claims were discharged in the Hertz Defendants' bankruptcy, any further amendment to the complaint would be futile. Accordingly, Plaintiff's claims against the Hertz Defendants are **DISMISSED WITH PREJUDICE**.

There is no indication on the docket that the FAC has been served on Rentalcars.com. Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Accordingly, it is further **ORDERED** that if Plaintiff does not file a proof of service indicating that the FAC was served on Rentalcars.com by **March 8, 2024**, Plaintiff's claims against Rentalcars.com will be dismissed without prejudice, and this case will be closed in its entirety.

It is **SO ORDERED**.

Dated: February 22, 2024

Hon. Cathy Ann Bencivengo
United States District Judge